# IN THE COURT OF APPEALS OF IOWA

No. 16-0374
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON MICHAEL WAGAMON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Washington County, Randy S. DeGeest, Judge.

        The defendant appeals the denial of his motion to suppress.  **AFFIRMED.**

        R. E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Elisabeth S. Reynoldson, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Jason Wagamon appeals the denial of his motion to suppress. The charges against him are based on drugs found in his vehicle after a traffic stop. In denying his motion, the district court held the warrantless search of Wagamon's vehicle was conducted pursuant to the "automobile exception," which has been recognized under both the Federal Constitution and the Iowa Constitution. *See Carroll v. United States*, 267 U.S. 132, 153–54 (1925); *State v. Olsen*, 293 N.W.2d 216, 219 (Iowa 1980). On appeal, Wagamon "urges that now is the time to determine if the automobile exception is out of date and incompatible with the protections offered by the Iowa Constitution."[1]

Wagamon urges us to consider the supreme court's recent holding in *State v. Gaskins*, 866 N.W.2d 1, 13–16 (Iowa 2015), as a sign of a changing tide in regard to previously-recognized exceptions to the warrant requirement under article I, section 8 of the Iowa Constitution. In *Gaskins*, an officer made a routine traffic stop for an expired license plate. 866 N.W.2d at 3. As the officer approached the vehicle, he was able to smell a strong odor of burnt marijuana, and the driver, Gaskins, ultimately showed the officer a partially-smoked marijuana blunt he had in the ashtray. *Id.* Gaskings was immediately arrested, and the officer secured him and his passenger inside the police car. *Id.* Once a second officer arrived to assist on the scene, the officers searched the vehicle for

---

[1] We note that even though Wagamon is urging the reconsideration of precedent under the Iowa Constitution, his "routing statement" states the case should be transferred to the Iowa Court of Appeals rather than retained by the Iowa Supreme Court. *See* Iowa Rs. App. P. 6.903(2)(d) (requiring the appellant's brief to include a routing statement indicating whether the case should be retained by the supreme court), 6.1101 (providing the criteria for when the supreme court "shall ordinarily retain" cases, including "[c]ases presenting substantial questions of enunciating or changing legal principles").

additional drugs. *Id.* They found a locked safe in the vehicle and then located the key to the lock on the keyring in the ignition. *Id.* The officers opened the safe with the key without getting a warrant, finding a loaded handgun, marijuana, and other drug paraphernalia. *Id.* at 3–4.

After Gaskins was charged, he filed a motion to suppress the items found in the safe, arguing the officers had to get a warrant to search the safe because there had been no threat to the officers' safety or of possible destruction of the items locked in the safe. *Id.* at 4. The State responded the warrantless search was properly conducted as an exception to the warrant requirement—namely a search incident to arrest (SITA). *Id.* The district court denied the motion to suppress, and Gaskins was convicted of all charges following a bench trial on the minutes of testimony.[2] *Id.* at 4–5. He appealed, and our supreme court retained the case. *Id.* at 5.

In reaching its decision, our supreme court considered federal precedent, noting, as the Supreme Court has, "that police had come to view vehicle searches as an entitlement, not an exception." *Id.* at 10 (citing *Arizona v. Gant*, 556 U.S. 332, 336–37 (2009) ("When asked at the suppression hearing why the search [incident to arrest] was conducted, Officer Griffith responded: 'Because the law says we can do it.'")). Our supreme court ultimately reversed the denial of Gaskin's motion to suppress, limiting the SITA exception under the Iowa Constitution, holding:

> We approve *Gant's* "reaching distance" rationale as an appropriate limitation on the scope of searches incident to arrest

---

[2] He was convicted of possession of methamphetamine and possession of marijuana, both as an habitual offender.

under article I, section 8 of the Iowa Constitution because that limitation is faithful to the underlying justifications for warrantless searches incident to arrest. However, we decline to adopt *Gant's* alternative evidence-gathering rationale for warrantless searches incident to arrest under the Iowa Constitution because it would permit the SITA exception to swallow completely the fundamental textual rule in article I, section 8 that searches and seizures should be supported by a warrant. In other words, "use of a [SITA] rationale to sanction a warrantless search that has nothing to do with its underlying justification—preventing the arrestee from gaining access to weapons or evidence—is an anomaly." Although the evidence-gathering rationale announced in *Gant* limits the propriety of a warrantless search of an automobile and containers found within it incident to arrest to those instances when it is reasonable to believe the vehicle contains evidence of the crime of arrest, construing the exception this broadly "would serve no purpose except to provide a police entitlement."

*Id.* at 13 (alteration in original) (citations omitted).

While the majority in *Gaskins* did not discuss the automobile exception, Chief Justice Cady, in a special concurrence joined by one other justice, expressed uncertainty regarding the future need for it:[3]

Additionally, a recognized exception to the warrant requirement cannot live beyond the life of the justification responsible for its existence. The automobile exception to the warrant requirement was created by the United States Supreme Court ninety years ago during Prohibition. The justification for the warrantless search was grounded in the practical problems for police of obtaining a search warrant presented by the mobility of a vehicle. . . . While a vehicle remains mobile, the Iowa court system

---

[3] Justice Appel also filed a special concurrence, joined by two other justices, asserting:
The interesting questions regarding the validity of the automobile exception and its scope should not be resolved by a declaration that the Iowa Constitution is worded similarly to the Federal Constitution and that federal law must be followed, not with a declaration that we must follow federal law to establish uniformity, and not with a bulk citation of caselaw that supports the automobile exception. . . . It is our constitutional obligation, however, to do the nitty-gritty work of examining the available authorities and precedents—both state and federal—and determining which approach makes the most sense under article I, section 8 of the Iowa Constitution. In light of the court's disposition, that analysis will await another day.
*Gaskins*, 866 N.W.2d at 38 (Appel, J., specially concurring).

> is now the first court system in the nation to be totally electronic for all users at all levels. . . .
>
> An automatic exception to the warrant requirement, particularly one based on exigency, must account for the new world of technology, and must not continue to exist simply because it existed in the past.

*Id.* at 17 (Cady, C.J., specially concurring) (citations omitted).

Wagamon urges that the future is now; he maintains the automobile exception has outlived its efficacy and asks us to reexamine it. Although members of our supreme court may be receptive to Wagamon's argument, we are not at liberty to overturn precedent. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."); *see also State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed.").

We affirm the district court's denial of Wagamon's motion to suppress.

**AFFIRMED.**